**UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF NEW JERSEY**

**LAW OFFICES OF TIMOTHY R. HOTT , P.C.**
100 Challenger Road - Suite 402
Ridgefield Park, New Jersey 07660
Telephone (201) 994-0400
Facsimile (201) 994-0401
Timothy R. Hott, Esq.
Email: TimHott@Gmail.com
(TH 6729)
Attorney for the Plaintiffs

| | |
|---|---|
| IBEW Local 102 Welfare, Pension, Surety and Joint Apprenticeship Training Funds and their Boards of Trustees, and the IBEW Local 102 Distribution Fund as collection agent for the National Electrical Benefit Fund for and on behalf of its Trustees and IBEW Local Union No. 102 ,<br><br>*Plaintiff(s)*<br>vs.<br><br>Electrical Solutions Group, Inc.<br>P.O. Box 207<br>238 Boundary Road<br>Suite 205<br>Marlboro, New Jersey 07746<br><br>*Defendant(s)* | CIVIL ACTION<br><br>CIVIL ACTION NO.<br><br>**COMPLAINT** |

PLAINTIFFS, having their principal office at 50 Parsippany Road, Parsippany, Morris County, New Jersey, complaining of the Defendant, Electrical Solutions Group, Inc., having its principal place of business in New Jersey at 235 Boundary Road, Suite 205, Marlboro, Monmouth County, New Jersey 07746, say:

## THE PARTIES

1. Plaintiffs, IBEW Local Union No.102 and the IBEW Local 102 Welfare, Pension, Surety and Joint Apprenticeship Training Funds, each are Trusts established pursuant to Sections 302[c][5] of the National Labor Relations Act, as amended, and in accordance with ERISA, 29 U.S.C.A. 1001, et seq., for the purpose of providing pension, welfare, trade education and other benefits for employees of employers covered by the provisions of a collective bargaining agreement between the IBEW Local Union No. 102 (hereinafter "Union") and such employers who are signatories to collective bargaining agreements with said Union or by virtue of said employer's having given collective bargaining authority to the Highlands Division of the Northern New Jersey Chapter, Inc. National Electrical Contractors Association (Association). The Boards of Trustees of the Funds consist of an equal number of Union and Employer representatives appointed by their respective appointing entities to administer said Funds. Plaintiff, IBEW Local 102 Distribution Fund is the authorized collection agent for the National Electrical Benefit Fund ["NEBF"] which is also a pension fund of the same type as those noted above.

2. Defendant, Electrical Solutions Group, Inc., is an employer who employs employees who are represented by the Union. Said Defendant is party to a collective bargaining agreement which obligates it to make payments to the Plaintiff Funds in order to provide pension, health and hospitalization and other benefits to its employees. As a party to such agreement the Defendant agreed to be bound by the terms of the Agreements and Declarations of Trust of each Plaintiff Fund.

## **JURISDICTION**

3. Jurisdiction of this Court is invoked in this matter under 29 U.S.C. 185, 29 U.S.C. 1145 of ERISA 29 U.S.C. 1001 et seq.

4. Jurisdiction of this Court is also invoked under 29 U.S.C. 1132(a)(3)(B) and 29 U.S.C. 1132(g)(2) to enforce the rights of Plaintiffs as to their procedures for collection of moneys due said Funds and their procedures for verifying the accuracy of the contributions made to said Funds by contributing employers such as the defendant.

## **FACTS**

5. 29 U.S.C. Section 1145 requires the defendant to remit payments to Plaintiffs on account of its employees represented by the Union in certain specified amounts in accordance with the Trust Agreements and the procedures specified by the Trustees of the respective Trusts. 29 U.S.C. 1059 requires employers, such as Defendant, to maintain records of each of its employees sufficient to allow the Plaintiff Funds to determine benefits due or to become due employees of the Defendant who are employed under the referenced collective bargaining agreement.

6. The procedure established by the Trustees of each of the respective Trusts require that Employers remit payments on account of such employer's employees monthly.

7. Defendant, as a party to the collective bargaining agreement referenced

above, is also bound by the terms of the Trust Agreements of Plaintiff Trust Funds.

8. Plaintiffs' Trust Agreements provide that Plaintiffs have the right to audit the payroll and other5 books and records of employees such as defendant.

9. In or about 2007, Plaintiffs adopted a Contribution Compliance Audit Policy. In order to carry out the purposes of that policy and to carry out the fiduciary duties owed to participants and beneficiaries of the benefit plans of each respective Plaintiff Fund, Plaintiffs authorized their certified public accounting firm to conduct contribution compliance audits of the books and records of all companies, including Defendant, having contractual obligations to make contributions to the Funds to determine whether the Defendant and all other employers were complying with the terms of the collective bargaining agreement and to determine if any moneys were owed for contributions to Plaintiffs from such companies on behalf of employees working under said collective bargaining agreement referenced above.

10. On or about October 16 and December 4, 2015, Plaintiffs by and through their authorized representatives, gave defendant notice of Plaintiffs' intent to audit defendant's books and records for various years between January 1, 2011 and June 30, 2015.

11. Defendant refuses to permit the Plaintiffs' authorized representatives to conduct the audit in the manner that Plaintiffs have determined is necessary to accomplish the purposes of such an audit. That purpose being to determine whether the Defendant was complying with the terms of the collective bargaining agreement

and to determine if any moneys were owed for contributions to Plaintiffs from defendant on behalf of employees working under said collective bargaining agreement referenced above.

12.    Plaintiffs are without adequate remedy at law and need the Court's equitable powers to compel the audit of defendant's books and records.

13.    Plaintiffs will suffer irreparable injury if they are unable to audit defendant's books and records to determine the accuracy of contributions by defendant to Plaintiff Trust Funds because Plaintiffs will have no way of determining whether participants and beneficiaries of Plaintiffs' Trusts are receiving and have received proper and correct credit for contributions required to be made on their behalf by defendant to said Trust Funds under the collective bargaining agreement referenced above.

14.    Plaintiffs are entitled to reasonable attorneys fees and costs to be paid by defendant for causing Plaintiffs to have to bring this action as provided in 29 U.S.C. 1132.

WHEREFORE, Plaintiffs demand judgment against defendant as follows:

1.    Ordering defendant to permit Plaintiffs' authorized representative to audit defendant's books and records for such period of years immediately as Plaintiffs' deem necessary and advisable for the purpose of determining the accuracy and correctness of contributions made by defendant to Plaintiffs on behalf of defendant's employees. pursuant to the applicable collective bargaining agreement;

2.    Awarding Plaintiffs reasonable attorneys fees and costs for this cause of

action;

    3. Such other and further relief as the Court deems equitable and just under the circumstances.

Date:                                                         **S/TIMOTHY R. HOTT**
                                                                 TIMOTHY R. HOTT